UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11712-RWZ

ANTHONY RAY

v.

DR. ANGELA WILBUR, PSYD

MEMORANDUM AND ORDER

August 16, 2013

ZOBEL, D.J.

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; and (2) dismisses this action.

I.  Background

On July 17, 2013, Anthony Ray brought this action for negligence against Dr. Angela Wilbur.  According to brief complaint, on or about March 1, 2013, Dr. Wilbur contacted the plaintiff, although she has never been his physician.  On or about March 1, 2013, Dr. Wilbur allegedly "attempted an intervention."  Compl. ¶ 4.  Ray claims that, soon thereafter, Dr. Wilbur "realized an intervention as not needed and proceeded to reveal protected health information to family members in retaliation."  Id. ¶ 5.  Ray does not identify the basis of the Court's jurisdiction.  He represents that both parties reside in Massachusetts.

The complaint is in one count, which is entitled "Negligence."  Ray claims, "Dr. Wilbur was negligent in her care and treatment of Mr. Ray in that she failed to care for and treat him in accordance with the standard of care and skill required of and ordinarily exercised by the average qualified physician engaged in medical practice at a professional level, such that in which Dr. Wilbur was engaged."  Id. ¶ 7.

Ray seeks $150,000,000 in damages.  He has also filed motions for leave to

proceed in forma pauperis and for appointment of counsel.

## II.     Discussion

### A.     Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that the plaintiff is without assets or incomes to pay the filing fee. Accordingly, the Court grants the motion.

### B.     Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are domiciled in different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").  In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The complaint in this case is clear that the Court does not have subject matter jurisdiction.  Ray represents that both he and Dr. Wilber are domiciled in Massachusetts; therefore, jurisdiction does not exist under § 1332.  Jurisdiction does not exist under § 1331 because the plaintiff characterizes his claim as one for negligence, which arises under state, rather than federal law.  Ray does not identify,

and the Court cannot discern, a claim for relief under federal law.[1]

### III. Conclusion

Accordingly:

(1) The motion for leave to proceed in forma pauperis (#2) is GRANTED.

(2) The motion for appointment of counsel (#3) is DENIED.

(3) This action is dismissed without prejudice for lack of subject matter jurisdiction.


SO ORDERED.

| | |
|---|---|
| 8/16/2013 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |

---

[1] Even if the defendant's alleged actions violated the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § § 1320d, et seq, it is well established that HIPAA does not created a private cause of action. See Dodd v. Jones, 623, F.3d 563, 569 (8th Cir. 2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); see also Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (where plaintiffs conceded that HIPAA does not create a private right of action, district court properly dismissed plaintiffs' claims on this basis).